UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY W. FERNANDEZ,<br>　　　　Plaintiff,<br>　　v.<br>CTF HEALTH CARE SERVICES, et al.,<br>　　　　Defendants. | Case No. 25-cv-00556-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Correctional Training Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt. No. 8. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1 grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2 While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3 the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4 A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5 cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

7 right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants Correctional Training Facility doctor Parks and CTF Healthcare Services. Dkt. No. 8 at 1, 2. The complaint consists of the following short paragraph:

> Medical staff refuse to provide me meaningful comprehensive medical treatment. My injuries continue to get worse. On or about 2-16-19 I injured my left knee at work in the kitchen. Shortly after my injury, I was informed by Dr. Park not to do heavy lifting at work. I was ordered once again by my Boss to work and I reinjured my knee and lower back. I have made numerious (sic) complains (sic) verbaly (sic) for Medical treatment. I have had x-rays taken of my knee and my lower back and surgery and a spinal tap for back or surgery. Due their negligence at supervising and ordering me back to work.

Dkt. No. 8 at 3. No federal law or constitutional provision is cited or referenced. Plaintiff seeks $375K in compensatory damages and to be fully treated for his medical problems. Plaintiff has attached 23 pages of exhibits to the complaint, which are mostly grievances and a letter received from the CA Department of General Services.

**C.     Dismissal with Leave to Amend**

The Court DISMISSES the complaint because it suffers from the following deficiencies.

First, the complaint is conclusory and unclear. To the extent that Plaintiff seeks to bring an Eighth Amendment serious medical needs claim, it is unclear what his medical need was and why the steps taken to address his knee injury violated the Eighth Amendment. Plaintiff states that his knee was injured, but it is unclear what kind of injury he suffered, and why surgery and a spinal tap were insufficient to treat the injury.

Second, the complaint fails to state an Eighth Amendment claim against Dr. Park. The

United States District Court
Northern District of California

only allegation regarding Dr. Park is that, after examining Plaintiff's knee injury, Dr. Park advised Plaintiff to not do heavy lifting at work. It is unclear how Dr. Park's advice constituted a failure to treat Plaintiff's knee injury. To the extent that Plaintiff is seeking relief for re-injuring his back, this fails to state a Section 1983 claim against Dr. Park because Section 1983 liability requires that the defendant's action or inaction was the cause of the constitutional violation and Dr. Park was not involved in the work supervisor's actions.

Third, the complaint fails to state a claim against CTF Healthcare Services because there is no Section 1983 liability simply because an entity supervised or employed the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984) (no Section 1983 claim unless alleged deprivation resulted from custom or policy for which supervisor defendant was responsible).

Finally, the Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs is called into question by (1) the complaint's acknowledgement that Plaintiff received medical treatment for the knee injury, consisting of x-rays, surgery, and a spinal tap; and (2) the complaint's characterization of the medical care as negligent, which is insufficient to state an Eighth Amendment violation, *see Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

Because it appears that Plaintiff may be able to correct the above deficiencies, the Court DISMISSES the complaint with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted).

To assist Plaintiff in preparing the amended complaint, the Court reviews the legal standard for an Eighth Amendment medical needs claim. The Eighth Amendment prohibits correctional officials from being deliberately indifferent to a prisoner's serious medical needs. *See*

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend.  Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies.  The amended complaint must include the caption and civil case number used in this order, Case No. 25-00556 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 2/21/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge